UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PIERRE TSHISHIMBI BASHALE, | Case No. 1:22-cv-00487-DCN |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| MAC TRANSPORTATION, LLC., et al., | |
| Defendants. | |

## I. INTRODUCTION

Pending before the Court is Plaintiff Pierre Bashale's Complaint (Dkt. 2) and In Forma Pauperis Application (Dkt. 1). For the following reasons, the Court GRANTS the application and DISMISSES the Complaint WITHOUT PREJUDICE.

## II. BACKGROUND

On November 29, 2022, Bashale applied to proceed in forma pauperis as a nonprisoner. Dkt. 1. In his affidavit appended to the application, Bashale affirms that he rents an apartment and has a car. *Id*. at 3. His monthly income is $1,158.17, more than $1,000 of which is derived from disability and public assistance payments. *Id*. at 2. The rest of his income is derived from self-employment. *Id*. Bashale has $50 in cash and $150 in the bank. *Id*. at 3. His monthly expenses total $1,671, including $400 on food, $60 on clothing, $35 on recreation, and $10 for his Costco membership. *Id*. at 4. Finally, Bashale states that he does not anticipate a change in his economic situation. *Id*. at 5.

That same day, Bashale filed his complaint, alleging federal question jurisdiction

on the following basis:

> Defendants did conspired by puting [sic] plaintiff in danger
> after car hit and run while officers did show late for the
> emergency. Also District Court decision violates other civil
> rights act 896 by showing the availability of less drastic
> sanctions.[1]

Dkt. 2, at 3. Bashale characterizes his claim as follows:

> My rights to appear to federal court for jury trial of the civil
> matters are being suffocated based on motion to set aside
> default judgment and order to set a side supporting documents.

*Id*. at 4. There has not been a motion to set aside default judgment in the case file, and there

are no supporting documents appended to the complaint. Finally, Bashale describes the

relief he is seeking:

> It would be grateful if the U.S. Court could grant its judges to
> answer positively to the case between me "Pierre-Bashale" and
> the defendants Mac Transporation, LLC and others defendants
> and the fact that made me to file this motion.

*Id*.

## III. ANALYSIS

The Court analyzes separately Bashale's application to proceed in forma pauperis

and his complaint.

### A. In Forma Pauperis Application

"The federal in forma pauperis statute, enacted in 1892 and presently codified in 28

U.S.C. § 1915, is designed to ensure that indigent litigants have meaningful access to the

federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (cleaned up). The statute

---

[1] Quotations from the complaint are accurate except with respect to the use of lower-case letters; the original complaint was written in all caps.

provides in pertinent part:

> (a)(1) . . . [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefore, by a person who submits an affidavit that includes a statement of all assets such prisoner possess that the person is unable to pay such fees or give security thereof. . . .

Despite the statute's reference to "prisoner," several US courts of appeal have interpreted the statute to apply to non-prisoners, and district courts within the Ninth Circuit have adopted this broader view.[2]

When a plaintiff applies for in forma pauperis status, he must submit an affidavit "stat[ing] the facts as to [his] poverty with some particularly, definiteness and certainty." *Jefferson v. United States*, 277 F.3d 723, 725 (9th Cir. 1960). The affidavit need not assert that the plaintiff is "absolutely destitute," only "that [the plaintiff] cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

Once submitted the application, the trial court has discretion to grant or deny it. The discretion is broad, *see, e.g., U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (petitions

---

[2] *See, e.g., Haynes v. Scott*, 116 F.3d 137, 139 (5th Cir. 1997) ("There is no indication in the statute or the legislative history of [§ 1915] that Congress meant to curb [in forma pauperis] suits by nonprisoners."); *In re Prison Litigation Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997) (acknowledging right of non-prisoner to apply for in forma pauperis status); *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005) ("Section 1915(a) applies to all persons applying for [in forma pauperis] status, and not just to prisoners."); *Hill v. Mendosa*, 2021 WL 2986346, at 2 (N.D. Cal. 2021) (allowing plaintiff to file non-prisoner in forma pauperis application); *Bryson v. Boston Scientific*, 2020 WL 534520, at 1 (D. Id. 2020) (applying § 1915(a) to non-prisoner).

MEMORANDUM DECISION AND ORDER - 3

for in forma pauperis status "are addressed to the sound discretion of the trial court"), and district courts often reach different conclusions based on similar affidavits. *See, e.g.*, *Bryson*, 2020 WL 534520, at 1 (waiving filing fee because "monthly expenses take up entirety of [plaintiff's] monthly income"); *compare Stucker v. Idaho*, 2019 WL 13240383, at 1 (declining to waive fee even though "[plaintiff's] income and expenses essentially cancel each other out"). Additionally, the trial court has discretion to partially grant the application and waive a portion of the fee. *Olivares v. Marshall*, 59 F.3d 109, 111 (9th Cir. 1995) ("Courts have discretion to impose partial filing fees under the in forma pauperis statute."). Exercising discretion in this way facilitates equal access to courts, defrays some of the costs of litigations, and helps screen out frivolous claims. *Id*.

When determining whether a partial fee should be imposed, the court considers "[the plaintiff's] own economic choices about how to spend his money" including "the extent to which the plaintiff has depleted his savings on nonessentials." *Id*. at 112; *Alexander v. Carson Adult High School*, 9 F.3d 1448, 1449 (9th Cir. 1993). In *Marshall*, for example, the Ninth Circuit determined that the prisoner's decision to buy name-brand toiletries and snacks such as potato chips, cookies, and candy weighed in favor of the trial court requiring partial payment of the fee. *Id*.

In this case, Bashale's affidavit is sufficiently particular, specifying his income, sources of income, expenses, assets, and dependents. Dkt. 1, at 2–4. Additionally, the affidavit establishes Bashale's diminished economic status, as his low income is derived almost exclusively from social security and public assistance payments. *Id*. at 2, 4–5. However, it is significant that each month Bashale spends $400 on food, $60 on clothes,

MEMORANDUM DECISION AND ORDER - 4

$10 for a Costco membership, and $35 on recreation. *Id*. at 4. Given his economic choices, it is appropriate for Bashale to pay part of the $402 filing fee. Therefore, the Court requires Bashale to pay $40 each month for the next six months, totaling $240. This monthly payment, representing slightly more than the amount Bashale spends on recreation, will defray the cost of the litigation and incentivize Bashale to take the suit seriously without impeding his access to the courts. *Marshall*, 59 F.3d at 111.

### B. Complaint

#### 1. Lack of Subject-Matter Jurisdiction

A district court has no power to hear a case unless it has jurisdiction over the subject-matter of the lawsuit. *See, e.g., Union Pacific R.R. Co. v. Brotherhood of Locomotive Eng'r & Trainmen Gen. Comm. of Adjustment, Cent. Region*, 558 U.S. 67, 81 (2009) ("Subject-matter jurisdiction refers to a tribunal's power to hear a case, a matter that can never be forfeited or waived.") (cleaned up). Subject-matter jurisdiction exists if the plaintiff's cause of action "aris[es] under" federal law (federal question jurisdiction) or if the parties are citizens of different states and the amount in controversy exceeds $75,000 (diversity jurisdiction). *See* 28 U.S.C. § 1331, § 1332. "Most often, federal question jurisdiction attaches when federal law creates the cause of action asserted." *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 578 U.S. 374, 383 (2016) (cleaned up).

The plaintiff has the burden to show in the pleadings that the court has jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 378 (1994) (party asserting jurisdiction has duty to prove it); F. R. C. P. 8(a)(1) ("A pleading that states a claim for relief must contain a short and plain statement of the grounds for the court's jurisdiction.")

(cleaned up). This burden does not disappear when the plaintiff proceeds pro se. *Ruiz v. Meza*, 851 Fed. Appx. 786, 787 (9th Cir. 2021). Therefore, a plaintiff seeking to invoke the court's jurisdiction on the ground that his cause of action was created by federal law, must inform the court what that law is. *See Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 6 (2003) ("A suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution.") (cleaned up).

If the plaintiff does not establish the existence of subject-matter jurisdiction, the court must dismiss the complaint. F. R. C. P. 12(h)(3) ("[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). However, in the context of a complaint filed by a pro se plaintiff, courts within the Ninth Circuit generally dismiss with leave to amend, allowing the plaintiff to properly establish jurisdiction. *See Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir. 2002) ("We are very cautious in approving a district court's decision to deny pro se litigants leave to amend.") (citation omitted).

In this case, Bashale has alleged that "the basis for jurisdiction is a federal question." Dkt. 2, at 3. However, the statute he lists is "Civil Rights Act 896," and it is not clear to what law he is referring. *Id*. There is no Civil Rights Act of 1896, and none of the sections numbered 896 in the U.S. code relate to civil rights. Additionally, Bashale's description of defendants "putting plaintiff in danger after car hit and run" and of officers "show[ing] up late for the emergency" does not contain enough information for the Court to infer the statute Bashale is suing under. *Id*. Therefore, Bashale has not met his burden of establishing

subject-matter jurisdiction, and the Court dismisses his complaint. Bashale is granted leave to refile an amended complaint stating the specific statute under which his claim arises.

### 2. Failure to State a Claim

When enacting the in forma pauperis statute, Congress recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Accordingly, Congress included subsection (e)(2), providing for sua sponte dismissal of suits that are baseless. 28 U.S.C. § 1915(e)(2). Significantly, Congress decided to give district courts the power to dismiss suits even if the filing fee was paid:

> (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal—
>
> (i) is frivolous or malicious; or
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th. Cir. 2012) (internal citation omitted). Under Rule 12(b)(6), a complaint must

"contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Courts "construe a pro se plaintiff's pleadings liberally and afford the petitioner the benefit of any doubt." *Carter*, 668 F.3d at 1112 (cleaned up).

A complaint fails to state a claim to relief that is plausible on its face if it alleges the "mere possibility of misconduct" or contains an "unadorned, the defendant-unlawfully-harmed me accusation." *Iqbal*, 556 U.S. at 678. In *Iqbal*, for example, the complaint simply alleged that the plaintiff was subjected to "harsh conditions of confinement on account of his race, religion, or national origin." *Id.* at 666. The Court held that the complaint was deficient because it did not "allege more by way of factual content" explaining how the plaintiff was discriminated against. *Id.* at 683.

If the court dismisses a complaint pursuant to § 1915(e)(2)(B)(ii), the court should grant the plaintiff leave to amend "unless it is clear that the complaint could not be saved by any amendment." *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003). In *Jackson*, for example, the complaint contained a count of emotional distress under a statute providing for emotional distress claims if the plaintiff suffered a predicate physical injury. *Id.* at 757–58. The plaintiff did not allege a physical injury, but the Ninth Circuit ordered the district court to grant him leave to amend, explaining that he could potentially include such an allegation in an amended complaint. *Id.* at 758.

In this case, Bashale simply alleges that his right to a jural trial in federal court was injured by "a motion to set aside default judgment and order to set aside supporting documents." Dkt. 2, at 4. This allegation is difficult to comprehend, as Bashale's case file

contains no default judgment, motion to set aside default judgment, or order to set aside supporting documents. As it stands, Bashale's complaint is more deficient than that in *Iqbal*, for at least the allegations in *Iqbal* had a clear reference. *Iqbal*, 556 U.S. at 666. Therefore, Bashale must "allege more by way of factual content" so that the Court can understand how his right was injured. *Id*. at 683. Bashale has failed to state a claim on which relief may be granted, and the Court dismisses his complaint on that basis as well as for failing to establish subject-matter jurisdiction. Bashale is allowed to refile his complaint, fleshing out his factual allegations.

## IV. CONCLUSION

Bashale's application for in forma pauperis status shows that he is eligible for a reduction in the filing fee. Therefore, to the extent his petition seeks to avoid paying the entire $402 filing fee, it is GRANTED. The Court allows Bashale to pay a partial fee in installments.

Bashale's complaint, however, does not show that the Court has jurisdiction. Nor does it state a claim upon which relief can be granted. Therefore, his complaint is DISMISSED. Finding that Bashale could potentially remedy the complaint's defects, the Court grants him leave to file a more specific complaint.

## V. ORDER

1.    Bashale's In Forma Pauperis Application (Dkt. 1) is **GRANTED**. Bashale is not required to pay the entire fee, but he is required to pay $40 per month to the Clerk of the Court, on or before the last day of each month, until he has paid $240. The first payment is due on or before **April 30, 2023**. Failure at

any time to comply with this payment schedule will result in dismissal WITHOUT PREJUDICE of Bashale's cause of action without further notice.

2.     Bashale's Complaint (Dkt. 2) is **DISMISSED WITHOUT PREJUDICE**. Bashale is granted leave to file an Amended Complaint to cure the deficiencies described above. The Amended Complaint shall be filed on or before **April 30, 2023**. Failure to do so will result in dismissal WITH PREJUDICE of Bashale's cause of action without further notice.

DATED: April 7, 2023

David C. Nye
Chief U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 10